IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES JEROME MORRISON, JR., | CV 25-42-BU-DWM |
| Plaintiff, | |
| vs. | ORDER |
| CARISSA LYNN-KOPP, KIARA KOPP, and CATHY JO HAYES, | |
| Defendants. | |

Plaintiff James Jerome Morrison, Jr., proceeding in forma pauperis and without counsel, filed a Complaint. (Doc. 2.) For the following reasons, the Complaint is dismissed.

**I. ALLEGATIONS**

Morrison's claims arose on July 5, 2015. (Doc. 2 at 6.) Morrison was invited to the home of the three named defendants, Carissa Lynn-Kopp, Kiara Kopp, and Cathy Jo Hayes, to "discuss grievances against one another." *Id.* The group spent several hours together. Eventually, Defendants accused Morrison of sexually assaulting Kiara Kopp, who was a minor. Morrison asserts that the three defendants conspired to make false allegations against him. He was convicted of sexual assault in state court and served eight years at Montana State Prison before

1

discharging to the remainder of his suspended sentence. (At the time of filing, Morrison was detained at Butte-Silver Bow County Detention Center for unknown reasons.)

Morrison alleges he has suffered discrimination, defamation, and racial profiling. He requests $1 in damages, but focuses on injunctive relief, seeking to have his "case reviewed and brought back to court," claiming innocence. (Doc. 2 at 7.)

## II. SCREENING STANDARD

Morrison is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. ANALYSIS

There are at least four independent reasons why Morrison's Complaint must be dismissed.

### A. Statute of Limitations

Morrison's Complaint states the alleged conspiracy occurred in 2015. Even if acts related to it continued until he was convicted, that is almost a decade ago. Because § 1983 contains no statute of limitations, federal courts apply the state statute of limitations governing personal injury actions. *Wilson* v. *Garcia,* 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is

three years. Mont. Code Ann. § 27-2-204(1). Therefore, Morrison's Complaint was filed too late. Amendment could not remedy this defect.

**B. Res Judicata**

Morrison's Complaint appears to be the second he has filed over the same allegations, as to Defendant Lynn-Kopp. Thus, as to her, the Complaint is barred by res judicata. "The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action[.]" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Moreover, a prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States,* 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

> "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense [of res judicata] has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."

*Arizona v. California*, 530 U.S. 392, 412 (2000), supplemented, 531 U.S. 1 (citations omitted).

"The elements necessary to establish *res judicata* are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Id*., at

1052 (quoting *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

In the U.S. District Court for Montana, Morrison filed a previous case captioned *Morrison v. Carissa Lynn-Kopp, et al.*, 17-35-BU-BMM-JCL. There are several additional defendants in that case that are not in this one, but the allegations there against Defendant Lynn-Kopp are identical: that she provided false information to the police to obtain Morrison's "false, illegal arrest and incarceration," she conspired with others to do so, and she coerced her daughter to lie. *Morrison v. Carissa Lynn-Kopp, et al.*, 17-35-BU-BMM-JCL, (Doc. 2-1 at 15, June 19, 2017.) That previous case was dismissed on various grounds on April 19, 2018.

All of the elements of res judicata are present as to Defendant Lynn-Kopp. The application of res judicata is appropriate in this context. *See Rodriguez v. City of San Jose*, 930 F.3d 1123, 1131 (9th Cir. 2019) (explaining that claim preclusion "vindicates private interests in repose and in avoiding the cost of duplicative litigation"). Morrison's Complaint is frivolous and fails to state a claim as to Lynn-Kopp.

C. Lack of Subject Matter Jurisdiction

As relevant here, 42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State […], subjects, or causes to be

5

> subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[..]

Therefore, a claim under § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted).

None of the defendants named by Morrison are acting under color of state law; thus, he cannot state a § 1983 claim. A defendant acts under color of state law when he or she has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotations omitted). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). These private actors' actions are no "fairly attributable to the state." Morrison fails to state a claim under 42 U.S.C. § 1983, and thus, this Court has no federal question jurisdiction over his claims.

To the extent Morrison asserts state law claims, such as defamation, supplemental jurisdiction will not be exercised in the absence of federal law claims. 28 U.S.C. § 1367.

D. Abstention

For two reasons, this Court cannot hear Morrison's Complaint. As to his claim for damages, even if it is only $1, consideration of Morrison's claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck*, the Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. *Id* at 486 - 87. Thus, because Morrison's conviction has not been previously overturned, he cannot pursue a damages claim regarding that conviction in federal court.

Further, this Court cannot hear Morrison's injunctive claims, seeking to have his criminal conviction "reviewed and brought back to court." (Doc. 2 at 7.) "[F]ederal district courts may not entertain appeals of state court judgments." *Miroth v. Cnty. of Trinity*, No. 23-15759, 2025 WL 1338067, at *3 (9th Cir. May 8, 2025). Though Morrison has sued three individuals who were witnesses (or complainants) and not prosecutors in his criminal action, for relief, he seeks to have that action reopened, to contest his innocence. Prevailing against these

defendants in a civil matter would do nothing to reopen his criminal case. Any action that would bring his criminal conviction back to court would be a state court criminal appeal, or a petition for habeas corpus, not a § 1983 action in this Court.

### III. CONCLUSION

For the foregoing unexhaustive list of reasons, the Court concludes that Morrison's Complaint is frivolous and fails to state a claim for relief. The Court must construe a pro se litigant's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F. 3d 1204, 1208 (9th Cir. 2017). No amendment of this Complaint would remedy these flaws. The case is dismissed.

Accordingly, it is hereby ORDERED:

1. Morrison's Complaint is DISMISSED. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to note in the docket that this counts as a strike against Morrison within the meaning of 28 U.S.C. § 1915(g).

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 12th day of May, 2025.

_____
Donald W. Molloy, District Judge
United States District Court